IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 14-47-MJR-SCW |
| | ) |
| JAMES L. POWERS, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

I. Introduction

This matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a)** for a Report and Recommendation on a Show Cause Order directed to Respondent to show cause as to why he should not be compelled to obey the IRS summons issued upon him on August 22, 2013. It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, **DENY** Respondent's objections to the enforcement of the summons, and **DIRECT** that Respondent comply with the IRS's summons.

II. Findings of Fact

This matter stems from a summons that was issued by Revenue Officer Sheila L. Pratcher on August 22, 2013. (Doc. 3). Revenue Officer Pratcher issued an IRS summons on Respondent James Powers to appear on September 12, 2013 to give testimony and provide documents relevant to his tax liability for the tax periods ending December 31, 2004 and December 31 2009; and the civil penalty under I.R.C. § 6672 for the quarterly tax period ending December 31, 2007. (Doc. 3).

1

Respondent failed to appear in response to the summons on the scheduled date and did not provide any of the summonsed material. (Doc. 3). The IRS Office of Chief Counsel then sent Respondent a "last chance letter" on September 30, 2013. (Doc. 3). This letter gave Respondent another chance to comply with the summons on October 22, 2013; however, Respondent again failed to appear on the "last chance" summons date. (Doc. 3). On January 14, 2014, the United States of America then filed in this Court a Petition to Enforce Internal Revenue Summons. Respondent was then ordered to show cause as to why he should not be compelled to comply with the IRS summons, and the matter was set for hearing on April 2, 2014. (Doc. 6).[1]

In response to the order, Respondent filed a Statement of Opposition. (Doc. 7). In it, Respondent made several arguments, mainly asserting that the government cannot impose any tax liability against him. (Doc. 7). The undersigned then held a hearing on the Order to Show Cause on April 2, 2014. At the hearing, the Respondent made the same arguments that were in his Statement in Opposition, and asserted that this Court did not have jurisdiction over this matter. However, the Respondent did not present any additional testimonial or documentary evidence. The Court rejected the jurisdictional argument outright, and rejected the other arguments as not relevant for the current proceeding. However, the Court expressed concern that the Government had not met its burden to present sufficient evidence that an Order to Enforce Summons should be issued. With that concern having not been allayed by the end of the hearing, the Court took the matter under advisement with a Report and Recommendation to issue.

### III. Conclusions of Law

**A. Legal Standard**

Petitioner's Complaint seeks to enforce a summons issued by the IRS to James L. Powers. "Congress has established a statutory structure that endows the IRS with extensive authority to

---

[1] A hearing on the Order to Show Cause was originally set for February 19, 2014, (Doc. 4); however, the order was subsequently amended twice, resulting in the final hearing date of April 2, 2014. (Docs. 5, 6).

conduct effective tax investigations." **United States v. Crum, 288 F.3d 322, 333 (7th Cir. 2002).** Under **28 U.S.C. §§ 7402(b) and 7604(b)**, district courts have jurisdiction to enforce an administrative summons in an adversarial proceeding commenced by the filing of a petition. **Crum, 288 F.3d at 333–34 (Citing *Donaldson v. United States*, 400 U.S. 517, 523–25 (1971)).**

In order to obtain enforcement of a summons, the Government must show that (1) the investigation being conducted has a legitimate purpose; (2) the information sought is relevant to that purpose; (3) the information is not already in the Government's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. **U.S. v. Powell, 379 U.S. 48, 57–58 (1964); *Miller v. U.S.*, 150 F.3d 770, 772 (7th Cir. 1998).** "The *Powell* requirements impose only a 'minimal burden' on the agency" and "can usually be satisfied by an affidavit stating that the government had met them." **U.S. v. Ins. Consultants of Knox, Inc., 187 F.3d 755, 759 (7th Cir. 1999) (quoting *Miller*, 150 F.3d at 772)**. Once the government meets its *prima facie* burden, the respondent faces a "'heavy burden' to either present facts to disprove one of the *Powell* factors, or to show that the IRS issued a summons in bad faith." **Knox, 187 F.3d at 759 (quoting *Miller*, 150 F.3d at 772).** Summons enforcement proceedings are meant to be summary in nature, and whether to hold an evidentiary hearing is left to the discretion of the district court. ***2121 Arlington Heights Corp. v. Internal Revenue Service*, 109 F.3d 1221, 1226 (7th Cir. 1997).**

**B. Analysis**

The Government has met its *prima facie* burden under *Powell*. The Government has submitted an affidavit from Revenue Officer Pratcher demonstrating that the IRS has met all of the *Powell* requirements. (Doc. 3). An affidavit is typically all that is needed to satisfy the standard, **Knox, 187 F.3d at 759**, and even "minimal" affidavits will suffice. ***Miller*, 150 F.3d at 772**. Here, the Government's affidavit meets all of the *Powell* elements: Revenue Officer Pratcher states that (1) she is conducting an investigation into the collection of certain tax liabilities of James L. Powers;

(Doc. 3 at ¶ 2), (2) the summons was issued in furtherance of the investigation; (*Id.* at ¶¶ 3, 10), (3) the requested information is not already in the possession of the IRS; (*Id.* at ¶ 8), and (4) all the required administrative steps for issuance of the summons have been taken (*Id.* at ¶ 9).  Though some of these affirmations are largely conclusory in nature, such affirmations are sufficient in order for the Government to meet its "minimal burden" under *Powell*.  **See *Knox*, 187 F.3d at 759 (Stating that "[the *Powell* requirements] can usually be satisfied by an affidavit stating that the government has met them")**.  Here, the Government's affidavit has established a *prima facie* case.

However, at the hearing and in his Statement of Opposition (Doc. 7), Respondent objected on numerous grounds to the enforcement of the IRS summons.  Respondent argued through most of his points that the Government cannot impose any tax liability against him.  That argument does not speak to any of the *Powell* factors and is not relevant at this stage of Respondent's dispute with the IRS.  Additionally, Respondent also argued that the Government had not presented fact evidence sufficiently demonstrating his tax liability, which, therefore, divested this Court of jurisdiction over the matter.  Though, again, any argument regarding the existence of actual tax liability imposable against the Respondent is not relevant at this time, Respondent's argument here is similar to the concerns expressed by the Court regarding the existence of sufficient evidence to enforce the summons.[2]  Those concerns have been allayed.  As discussed above, the Government has presented sufficient evidence through its affidavit by Revenue Officer Pratcher, and has met its "minimal burden" under *Powell*.  Respondent argued that such evidence was not sufficient; however, Supreme Court and Seventh Circuit case law says otherwise.  Respondent has not presented any facts or arguments that could be construed to meet his "heavy burden" to either disprove one of the *Powell* factors, or show that the IRS issued the summons in bad faith.

---

[2] The Court notes that it has jurisdiction over the present dispute regardless whether the Government presented evidence sufficient to meet its burden under *Powell*.  **See 26 U.S.C. § 7402(b)**.

Therefore, the undersigned **RECOMMENDS** that the District Court **FIND** that the Government has met its burden and **ORDER** the enforcement of the summons issued to James L. Powers requiring complete compliance with the summons and specifically directing Respondent to obey the summons served upon him and order his attendance, testimony, and production of the books, records, papers, and other data as required by the terms of the summons before Revenue Officer Pratcher or any other proper officer of the IRS at such time and place as may be directed by the Court.

### C. Findings Regarding Sanctions

"A district court has inherent power 'to fashion an appropriate sanction for conduct which abuses the judicial process.'" **Salmeron v. Enterprise Recovery, 579 F.3d 787, 793 (7th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991))**. "Sanctions imposed pursuant to the district court's inherent power are appropriate where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith." **Tucker v. Williams, 682 F.3d 654, 661–62 (7th Cir. 2012)**. Furthermore, the Court "may impose sanctions for civil contempt 'to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." **United States v. Berg, 20 F.3d 304, 311 (7th Cir. 1994) (quoting Connolly v. J.T. Ventures, 851 F.2d 930, 932 (7th Cir. 1988))**. A court may impose civil contempt sanctions if there is "evidence that a party has willfully refused to comply with a court order, or evidence that a party was not 'reasonably diligent' in carrying out the terms of the court order." **Bailey v. Roob, 567 F.3d 930, 935 (7th Cir. 2009)**.

Here, the undersigned finds that the District Court could direct that sanctions be imposed should the Respondent fail to comply with an order by the District Judge to enforce the summons. The undersigned finds that there is no reason to impose sanctions currently, as the Respondent has been cooperative with the Court to this point. However, if the Respondent fails to comply with an

order enforcing the IRS summons going forward, the undersigned **RECOMMENDS** that Respondent be sanctioned on a daily basis until such time as he complies. *See Berg*, 20 F.3d at 311 **(Stating that the Court has power to issue sanctions for a party's civil contempt in order to coerce obedience of a court order).**

### IV. Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Court **FIND** that Petitioner has met its *prima facie* burden under *Powell*, **DENY** Respondent's objections to the Order to Show Cause, and **DIRECT** the enforcement of the IRS summons. Specifically, it is **RECOMMENDED** that the Court **DIRECT** Respondent to comply with the summons and **ORDER** his attendance, testimony, and production of the books, records, papers, and other data as required by the terms of the summons before Revenue Officer Pratcher or any other proper officer of the IRS at such time and place as may be directed by the Court. Should Respondent fail to comply by a date certain set by the Court, the undersigned **RECOMMENDS** that Respondent be found in civil contempt and sanctioned a monetary amount (such as $100.00) on a daily basis until he complies with the terms of the summons in order to compel him to do so.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b)**, the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004). Accordingly, objections to this Report and Recommendation must be filed on or before April 28, 2014.

**IT IS SO ORDERED**
DATED: April 9, 2014

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge